# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

BERNARD WEYMOUTH,
          *Defendant-Appellant.*

No. 02-4197

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CR-01-10)

Submitted: August 29, 2002

Decided: September 16, 2002

Before WILKINS, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Robert E. Barrat, Martinsburg, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Erin K. Burgoyne, Third-Year Law Student, Martinsburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Bernard Weymouth appeals his conviction and sentence for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a) (2000), and sixty-one month sentence. We affirm Weymouth's conviction and sentence.

Weymouth asserts that the district court erred in reversing, on the day of trial, its prior grant of his motion in limine. He challenges the reversal as both improper and prejudicial. This court generally reviews the admission of evidence for an abuse of discretion. *United States v. Rawle*, 845 F.2d 1244, 1247 (4th Cir. 1988). It is clear from the record that Weymouth was not prejudiced by the court's amendment of its earlier decision. This is particularly true where the presence of Weymouth's fingerprint on paper found wrapped around some of the drugs tied Weymouth to the cocaine. Accordingly, we find no abuse of discretion. To the extent the timing of the court's decision could be considered error, any such error was harmless. *See* Fed. R. Crim. P. 52(b); *United States v. Brooks*, 111 F.3d 365, 371 (4th Cir. 1997); *United States v. Ince*, 21 F.3d 576, 583 (4th Cir. 1994).

Weymouth asserts that he was prejudiced by the district court's denial of his motion for a mistrial when the jury reported it could not reach a consensus. The court denied the motion for mistrial and had a written *Allen* charge delivered to the jury. *See Allen v. United States*, 164 U.S. 492 (1896). We review a district court's decision to give an *Allen* charge for an abuse of discretion. *See United States v. Cropp*, 127 F.3d 354, 359 (4th Cir. 1997). The *Allen* charge comparted with this court's requirements for such instruction and we find no abuse of discretion.

Weymouth contends the district court erred in accepting the base offense level set forth in the presentence report, which counted the total quantity of cocaine seized rather than attributing to Weymouth less than twenty-five grams of cocaine, the amount found by the jury in a special verdict. This court reviews the district court's factual determinations as to drug quantity for clear error. *See United States*

*v. Love*, 134 F.3d 595, 606 (4th Cir. 1998). Evidence at trial established 129 grams of cocaine were seized in one container, and Weymouth's fingerprint was on a piece of paper in that container. We find that the Government established the quantity of drugs properly attributable to Weymouth by a preponderance of the evidence. *See U.S. Sentencing Guidelines Manual* § 1B1.3, comment. (n.2) (2000). *See also United States v. Jones*, 31 F.3d 1304, 1316 (4th Cir. 1994).

Weymouth next asserts that his sentence was improperly adjusted upward for possession of a shotgun. He contends that the shotgun was not a dangerous weapon under USSG § 2D1.1(b)(1), because the gun was old, and there is no evidence tying it to the cocaine. The determination that a weapon enhancement is warranted is a factual question subject to clear error review. *United States v. Apple*, 915 F.2d 899, 914 (4th Cir. 1990). We conclude that the district court did not clearly err when Weymouth's sentence was enhanced for possession of a dangerous weapon because Weymouth did not show it was clearly improbable that the weapon was connected with the offense. USSG § 2D1.1, comment. (n.3); *United States v. Harris*, 128 F.3d 850, 852 (4th Cir. 1997).

Finally, Weymouth asserts that the district court improperly considered suppressed evidence in determining his sentence. We find no reversible error. *See* 18 U.S.C. § 3661 (2000); USSG § 6A1.3.

Accordingly, we affirm Weymouth's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*